UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

_____

KAYLA M. E.,

                        Plaintiff,

v.                                                          5:24-CV-0712
                                                            (GTS/TWD)
COMMISSIONER OF SOCIAL SECURITY,

                        Defendant.

_____

APPEARANCES:                                OF COUNSEL:

OLINSKY LAW GROUP                           HOWARD D. OLINSKY, ESQ.
  Counsel for Plaintiff
250 South Clinton Street - Suite 210
Syracuse, New York 13202


SOCIAL SECURITY ADMINISTRATION              FERGUS J. KAISER, ESQ.
  Counsel for Defendant
Office of the General Counsel
6401 Security Boulevard
Baltimore, Maryland 21235


GLENN T. SUDDABY, United States District Judge

### DECISION and ORDER

Currently before the Court, in this Social Security action filed by Kayla M.E.

("Plaintiff") against the Commissioner of Social Security ("Defendant" or "the Commissioner")

pursuant to 42 U.S.C. § 405(g), are (1) the Report and Recommendation of United States

Magistrate Judge Thérèse Wiley Dancks recommending that Plaintiff's motion for judgment on

the pleadings be denied, the Commissioner's motion for judgment on the pleadings be granted,

and the Commissioner's decision be affirmed, (2) Plaintiff's objection to the Report and

Recommendation, and (3) Defendant's response to Plaintiff's objection.  (Dkt. Nos. 13, 14, 15.)

For the reasons set forth below, the Report and Recommendation is accepted and adopted in its

entirety, Plaintiff's motion for judgment on the pleadings is denied, the Commissioner's motion

for judgment on the pleadings is granted, and the Commissioner's decision is affirmed.

I.      RELEVANT BACKGROUND

        A.      **Magistrate Judge Dancks' Report and Recommendation**

        Generally, in her Report and Recommendation, Magistrate Judge Dancks determined that

the ALJ's RFC finding and assessment of the opinion evidence is supported by substantial

evidence and contains no legal error.  (Dkt. No. 13.)  Specifically, Magistrate Judge Dancks

determined that the ALJ properly considered the factors of consistency and supportability when

assessing the medical opinion from Dr. Rahner and LCSW MacNeill, and provided reasons

supported by substantial evidence to find that, although that opinion is generally supported by

the evidence, it was only partially persuasive.  Magistrate Judge Dancks found that the ALJ had

fully explained why she found the relevant portion of that opinion (that Plaintiff would be off-

task more than 20-percent of the workday and absent from work three days per month) less

persuasive, specifically because it lacked evidentiary support and was inconsistent with other

limitations included in the opinion.  Magistrate Judge Dancks also rejected Plaintiff's argument

that the ALJ had "cherry-picked" only evidence favorable to her conclusion, and found that the

fact that Plaintiff could point to some evidence that might suggest greater limitations does not

constitute the existence of an error because "the issue is whether the ALJ's determination was

properly supported by the record, not whether a contrary finding might also have been

supported."  (*Id.* at 19-20.)

**B.**     **Plaintiff's Objection to the Report and Recommendation**

Generally, in her Objection to the Report and Recommendation, Plaintiff asserts that

Magistrate Judge Dancks erred in finding the ALJ's RFC finding was proper because the

ALJ failed to assess the consistency of Dr. Rahner's and LCSW MacNeill's opinion in

accordance with CFR § 416.920c(c)(2) and SSR 11-2p.

First, Plaintiff argues that the ALJ's finding that Plaintiff has the RFC to perform basic

work because Plaintiff is enrolled in college without accommodations (except for extra testing

time) is in error and runs afoul of SSR 11-2p.  More specifically, Plaintiff argues the ALJ has

misinterpreted Plaintiff's testimony that she is given "unlimited time" to complete tests as

somehow being consistent with the ability to work because such an accommodation would not

be permitted in a work setting and thus is not an applicable gauge for determining work

limitations.  (Dkt. No. 14, Point 1.)

Second, Plaintiff argues the ALJ's consistency analysis failed to properly assess the

opinion of Dr. Rahner and LCSW MacNeill in light of all of the relevant evidence.  More

specifically, Plaintiff argues that, although Magistrate Judge Dancks cited to Dr. Long's

consultative examination and treatment records to support the ALJ's finding that Plaintiff has a

normal attention span, such consistency cannot be measured against only some evidence but

rather must be measured against *all* the medical evidence, and the ALJ here overlooked the

following evidence in her consistency analysis: (a) a school psychologist indicated Plaintiff had

"significantly below average" working memory skills; (b) Vocational Rehabilitation Counselor

Sharon Kaufman indicated Plaintiff had problems with "work skills" and was reading at a sixth

grade level or below; and (c) a 2019 STAR reader assessment during Plaintiff's freshman year showed that Plaintiff scored at a grade equivalency of 5.1.  (*Id*.)

### C.    Commissioner's Response to Plaintiff's Objection

Generally, in his response to Plaintiff's objection, the Commissioner asserts that Plaintiff's objections should be rejected for merely reasserting the same arguments from her initial brief and reply brief.  (Dkt. No. 15; Dkt. No. 14, at 1-3; Dkt. No. 7, at 14-16; Dkt. No. 12, at 1.)  In addition, the Commissioner argues that Plaintiff's disagreements with the Magistrate Judge's conclusions are simply an attempt to relitigate issues that have already been argued and decided, and that the ALJ properly considered all the evidence in the record.  Thus, the Commissioner argues, Plaintiff's disagreement lies with the ALJ's weighing of the evidence rather than asserting any true legal or factual error in either the ALJ's or the Magistrate Judge's analysis.  (Dkt. No. 15.)

## II.    APPLICABLE LEGAL STANDARD

A district court reviewing a magistrate judge's report and recommendation "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1)(c).  Parties may raise objections to the magistrate judge's report and recommendation, but they must be "specific written objections," and must be submitted "[w]ithin 14 days after being served with a copy of the recommended disposition."  Fed. R. Civ. P. 72(b)(2); *accord* 28 U.S.C. § 636(b)(1)(c).  "A judge of the court shall make a *de novo* determination of those portions of the [Report and Recommendation] . . . to which objection is made."  28 U.S.C. § 636(b)(1)(c); *accord* Fed. R. Civ. P. 72(b)(2).  "Where, however, an objecting party makes only conclusory or general objections, or simply reiterates his original

arguments, the Court reviews the Report and Recommendation only for clear error." *Caldwell v. Crosset*, 09-CV-0576, 2010 WL 2346330, at * 1 (N.D.N.Y. June 9, 2010) (quoting *Farid v. Bouey*, 554 F. Supp. 2d 301, 307 (N.D.N.Y. 2008)) (internal quotation marks omitted). Additionally, a district court will ordinarily refuse to consider an argument that could have been, but was not, presented to the magistrate judge in the first instance. *See Zhao v. State Univ. of N.Y.*, 04-CV-0210, 2011 WL 3610717, at *1 (E.D.N.Y. Aug. 15, 2011) ("[I]t is established law that a district judge will not consider new arguments raised in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate but were not.") (internal quotation marks and citation omitted); *Hubbard v. Kelley*, 752 F. Supp. 2d 311, 312-13 (W.D.N.Y. 2009) ("In this circuit, it is established law that a district judge will not consider new arguments raised in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate but were not.") (internal quotation marks omitted).

## III.    ANALYSIS

After carefully reviewing the relevant findings in this action, including Magistrate Judge Dancks' thorough Report and Recommendation and Plaintiff's objection thereto, the Court can find no clear error in the Report and Recommendation:  Magistrate Judge Dancks employed the proper standards, accurately recited the facts, and reasonably applied the law to those facts.

The Court would add the following points:

First, the Court finds that much of Plaintiff's objection merely reasserts arguments presented in her initial Brief.  (*Compare* Dkt. No. 14 [Obj.] at Point 1 *with* Dkt. No. 7 [Pltf. Brief], at 12 on the matter of supportability, and Dkt. No. 14 at Point 1 with Dkt. No. 7, at 14-15 on the matter of consistency.)  As a result, the Court finds that certain "challenged" portions of

the Report and Recommendation warrant only a clear-error review. *See, supra*, Part II of this

Decision and Order. Further, because there is no clear error on the face of the Report and

Recommendation, the Courts finds that it survives initial review.

Second, Plaintiff's arguments comprising her objection do not suggest any error in

Magistrate Judge Dancks' decision, clear or otherwise. Plaintiff's attempt to argue that

Magistrate Judge Dancks' recognition of the fact that the ALJ had explicitly relied upon the fact

that Plaintiff receives extra time to take tests in college is an error because such evidence does

not suggest an ability to function effectively in the workplace is unavailing. Not only is this, at

its core, an argument as to why the ALJ's decision is incorrect as opposed to an objection to the

Magistrate Judge's findings, it is also an argument that Plaintiff could have raised in her initial

briefings and therefore does not constitute a true objection to the Report and Recommendation

and does not merit more than clear-error review. Because, as Magistrate Judge Dancks

discussed, the ALJ's consistency finding was based on far more than just the fact of Plaintiff's

college attendance with only testing accommodations, the Court finds no clear error in the

overall conclusion that the ALJ's consistency finding was supported by substantial evidence,

whether or not Plaintiff is correct that the existence of testing accommodations somehow does

not support the ALJ's RFC finding.

Further, Plaintiff's arguments that the ALJ erred in relying on the opinion of Dr. Long

despite other evidence showing greater deficits, and that the statements of special education

teacher Ms. Kash do not present a complete picture of Plaintiff's functioning in the workplace,

again not only do not represent an actual objection to Magistrate Judge Dancks' findings (but

rather merely attempt to argue further why the ALJ's decision is not supported), but also ignore

6

the fact that the ALJ considered and weighed all the evidence of record and explained her

consistency finding as to the opinion of Dr. Rahner and LCSW MacNeill.  In essence, Plaintiff's

various purported objections amount to no more than a request for this Court to reweigh the

evidence, which, as Magistrate Judge Dancks firmly noted, this Court is not permitted to do.

For these reasons, the Court finds no error in the Report and Recommendation.

**ACCORDINGLY**, it is

**ORDERED** that Magistrate Judge Dancks' Report and Recommendation (Dkt. No. 13) is

**ACCEPTED** and **ADOPTED** in its entirety; and it is further

**ORDERED** that Plaintiff's motion for judgment on the pleadings (Dkt. No. 7) is

**DENIED**; and it is further

**ORDERED** that the Commissioner's motion for judgment on the pleadings (Dkt. No.

11) is **GRANTED**; and it is further

**ORDERED** that the Commissioner's determination is **AFFIRMED**; and it is further

**ORDERED** that Plaintiff's Complaint (Dkt. No. 1) is **DISMISSED**.

Dated:   September 24, 2025
         Syracuse, New York

Glenn T. Suddaby
U.S. District Judge